He v. Barr

BIA
Loprest, IJ
A206 561 595

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand nineteen.

PRESENT:
  JOSÉ A. CABRANES,
  RAYMOND J. LOHIER, JR.,
  MICHAEL H. PARK,
   *Circuit Judges.*

_____

SHAOJIAN HE,
  *Petitioner,*

  v.             **18-18**
              **NAC**

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:   Ting Geng, Law Office of Xin Miao, LLC, Flushing, NY.

FOR RESPONDENT:   Joseph H. Hunt, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; David Kim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shaojian He, a native and citizen of China, seeks review of a December 6, 2017, decision of the BIA affirming an April 7, 2017, decision of an Immigration Judge ("IJ") denying He's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordering He removed. *In re Shaojian He,* No. A 206 561 595 (B.I.A. Dec. 6, 2017), *aff'g* No. A 206 561 595 (Immig. Ct. N.Y. City Apr. 7, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions denying relief on credibility grounds. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the

2

applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . ., [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that He was not credible as to his claims that Chinese police arrested, beat, and detained him for attending an underground church service, and that he continues to practice Christianity such that he has a fear of future persecution.

The agency reasonably relied on inconsistencies among He's testimony, written application, and documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64. He's testimony was inconsistent with his own application and corroborating evidence regarding the date of his alleged arrest in China, and how long another practitioner was detained by the Chinese local police. The IJ was not compelled to credit He's explanation that a long

3

period of time had passed since the events, particularly when He gave correct answers when prompted. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)). In addition, the agency reasonably relied on discrepancies regarding the location of He's church in the United States and the length of the lapse in his church attendance. Although these inconsistencies are minor, the agency did not err in relying upon their cumulative effect to render an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir. 2006) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder") (internal quotations and citation omitted).

Furthermore, the IJ's adverse credibility determination is bolstered by additional findings regarding the plausibility of He's claim, his demeanor, and his lack of reliable corroboration. The IJ's implausibility findings are

4

sufficiently tethered to the record: He testified that he came to the United States to practice Christianity, but conceded that he did not attend church for ten months after his arrival and testified that he did not tell his family members in the United States that he was Christian or that he fled China because of religious persecution despite the fact that he lived with them while he was attending church in the United States. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir. 2007) (per curiam)(stating that we will not disturb an inherent plausibility finding so long as the IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived").

We also defer to the IJ's demeanor finding, particularly where, as here, the record reflects that He had difficulty responding to questions about the inconsistent and implausible aspects of his testimony. *See Majidi*, 430 F.3d at 81 n.1 (recognizing that particular deference is given to the trier of fact's assessment of demeanor)*; Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

5

Finally, having questioned He's credibility, the agency reasonably relied on his failure to submit reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The record shows that the IJ considered the documentary evidence but found it insufficient to rehabilitate He's testimony. The IJ was entitled to give little weight to letters from He's father and friend in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding the BIA's decision not to credit a letter from the applicant's spouse in China). And, as noted above, the evidence of He's church attendance was inconsistent with his testimony.

Taken together, the inconsistencies, implausibility and demeanor findings, and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. That determination is dispositive of asylum,

6

withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court